**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

MILAGROS ROMAN,

    Plaintiff,

v.

FAMILY DOLLAR STORES OF
FLORIDA, LLC d/b/a FAMILY
DOLLAR,

    Defendant.
_____/

Case No.

(Removal from: Eleventh Judicial Circuit in and for Miami-Dade County)

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Family Dollar Stores of Florida, LLC d/b/a Family Dollar ("Family Dollar") hereby removes this action, currently pending in the Circuit Court of the Eleventh Judicial District, in and for Miami-Dade County, to the United States District Court for the Southern District of Florida. In support of removal, Family Dollar states as follows:

**I.   State Court Complaint**

1. On January 11, 2019, Plaintiff Milagros Roman ("Plaintiff") filed a Complaint against Family Dollar in the Circuit Court of the Eleventh Judicial District in and for Miami-Dade County, Florida, Case No. 2019-009662-CA-01 ("Complaint").

2. Plaintiff alleges that Family Dollar discriminated against her and retaliated against her in violation of the Florida Civil Rights Act, Chapter 760 *et seq.* ("FCRA"). Plaintiff seeks to recover lost wages, compensatory damages, punitive damages, and her attorney's fees and costs.

3. On April 11, 2019, Plaintiff served Family Dollar with a Summons and a copy of the Complaint by personal service on its registered agent.

4. In accordance with 28 U.S.C. § 1446(a) and the Local Rules of the Southern District of Florida, a copy of the Civil Cover Sheet is attached as Exhibit A, a copy of the Complaint is attached as Exhibit B, copies of all process, pleadings, orders, and other papers or exhibits of every kind on file in the state court action are attached as Exhibit C, and, a copy of the state court docket is attached as Exhibit D.  No motions remain pending in state court.

## II.   Grounds for Removal

5. Removal of this matter to this Court is proper because the Court has original jurisdiction under 28 U.S.C. § 1332(a).  There is complete diversity of citizenship between Plaintiff and Family Dollar, and the amount in controversy exceeds $75,000.  Family Dollar has also satisfied the procedural requirements for removal.

### A.   Complete Diversity Of Citizenship Exists Between The Parties.

6. Plaintiff, an individual, is, and was at the time of filing this action, a citizen/resident of the State of Florida.  (Complaint ¶ 2)

7. Family Dollar is, and was at the time Plaintiff commenced this action, a foreign company duly organized as a limited liability company under the law of the Commonwealth of Virginia.  *See* Exhibit E, which is an Affidavit of Citizenship recently filed by Family Dollar in Case No. 3:18-cv-1257-J-34PDB.  For purposes of diversity of citizenship, "a limited liability company is a citizen of any state of which a member of the company is a citizen."  *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1316 (11th Cir. 2017) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)).

8. The individual members of Family Dollar are all citizens/residents of North Carolina or Virginia.  None of the individual members are Florida citizens.  *See* Exhibit E. Thus, Family Dollar is a citizen of the states of North Carolina and Virginia.

9. Because Plaintiff is a citizen/resident of Florida, and Family Dollar is a citizen/resident of North Carolina and Virginia, there is complete diversity among the parties.

### B. The Amount-in-Controversy Exceeds $75,000

10. As set forth below, the amount of the relief sought by Plaintiff in this litigation exceeds the minimum $75,000 threshold under 28 U.S.C. § 1332(a). *See Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) (quoting *Pretka*, 608 F.3d at 751) (the amount in controversy is not the amount the plaintiffs are likely to recover, but rather "'an estimate of the amount that will be put at issue in the course of the litigation.'") (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

11. Plaintiff's Complaint contains four counts under the FCRA. She alleges that as a result of Family Dollar's conduct, she has suffered and continues to suffer "irreparable injury" and "compensable damages," including "significant financial and economic loss" and "other tangible and intangible damages." Plaintiff further claims that these damages are "continuing and permanent."

12. Family Dollar is entitled to remove the case on diversity grounds if it can be shown, by a preponderance of the evidence, that it is more likely than not that Plaintiff's claims meet the amount in controversy requirement. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010); *Tapscott*, 77 F.3d at 1356-57 (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) ("if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint"). In determining whether the case is removable, the district court may "make

reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Roe*, 613 F.3d at 1061-62.

### *Lost Wages and Benefits*

13.     *First*, Plaintiff seeks damages for lost wages and benefits, including back pay and front pay, with prejudgment interest, and a benefits' adjustment.

14.     Both back pay and front pay are authorized under the FCRA, Fla. Stat. § 760.11, and the amounts of back pay and front pay are considered when calculating the amount in controversy. *See Booker v. Doyon Sec. Services, LLC*, 16-24146-CIV, 2017 WL 5202682, at *2 (S.D. Fla. Jan. 20, 2017).

15.     Back pay is calculated from the date of the adverse employment action to the date of judgment. *See Cashman v. Host Intern., Inc.*, 8:10-CV-1197-T-30MAP, 2010 WL 4659399, at *4 (M.D. Fla. Nov. 9, 2010) (noting that "[c]onsideration of the additional back pay amount from the date of removal to the date of trial, based on a conservative estimate of the trial date, is not impermissible speculation"); *Messina v. Chanel, Inc.*, 10-24518-CIV, 2011 WL 2610521 (S.D. Fla. Jul. 1, 2011) (holding it appropriate to calculate lost wages from time of termination through trial date in determining the jurisdictional minimum); *Destefano v. Home Shopping Network, Inc.*, 2006 WL 539542 * 1 (M.D. Fla. 2006) (annual salary from date of termination through trial established jurisdictional minimum); *Destel v. McRoberts Protective Agency, Inc.*, 03-62067-CIV., 2004 WL 746293, at *4 (S.D. Fla. Feb. 17, 2004).

16.     At the time of her termination on January 14, 2017, Plaintiff was a Customer Service Representative, earning an hourly wage of $8.50 and working an average of 21.37 hours per week. Accordingly, from the date of Plaintiff's termination through a trial date estimated to be about 180 days from Plaintiff's filing of the action for a total of 144 weeks. *See* S.D. Fla. Local Rule 16.1(a)(2)

(discussing case management tracks). This means that Plaintiff has potential lost wages of $26,156.88, without accounting for potential front pay, benefits, and prejudgment interest.

### *Compensatory Damages*

17. *Second*, Plaintiff also seeks compensatory damages for mental anguish, personal suffering, loss of enjoyment of life, emotional distress, pain and suffering, and loss of dignity damages. Awards of compensatory damages are uncapped under the FCRA and they include a variety of intangible, non-economic losses, such as those sought by Plaintiff. *See* Fla. Stat. § 760.11(5).

18. Plaintiff's request for compensatory damages in an FCRA claim should also be considered when calculating the amount in controversy. *See Bartley v. Starwood Hotel & Resorts Worldwide, Inc.,* No. 07-80637-CIV, 2007 WL 2774250, at *1 (S.D. Fla. Sept. 24, 2007) (noting that general allegations of pain, mental anguish, and loss of enjoyment of life puts defendant on notice that jurisdiction minimum is satisfied).

### *Punitive Damages*

19. *Third*, Plaintiff seeks an award of punitive damages under the FCRA, which allows an award up to $100,000 in punitive damages.

20. When determining the jurisdictional amount in controversy in diversity cases under the FCRA, punitive damages "must be considered, . . . unless it is apparent to a legal certainty that such cannot be recovered." *Booker v. Doyon Sec. Services, LLC*, 16-24146-CIV, 2017 WL 5202682, at *3 (S.D. Fla. Jan. 20, 2017); *see also Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.,* 320 U.S. 238, 240 (1943); *Holley Equip. Co. v. Credit Alliance Corp.,* 821 F.2d 1531, 1535 (11th Cir. 1987).

21. Plaintiff has not indicated that she seeks less than the maximum amount allowed for punitive damages under law; thus, her request for punitive damages alone, in the amount of $100,000, is sufficient to satisfy the requisite amount in controversy. *See Booker*, 2017 WL 5202682 at *3 ("nothing in the Complaint or Plaintiff's Motion for Remand indicates that she is seeking anything less than the maximum authorized amount. Thus, based on punitive damages alone, the amount in controversy exceeds $75,000").

*Attorneys' Fees*

22. *Fourth*, Plaintiff also seeks an award of her attorneys' fees pursuant to the FCRA.

23. A reasonable estimate of such fees is also included in assessing the amount in controversy. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."); *Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1079 (11th Cir. 2000). *See also Booker,* 2017 WL 5202682 at *3 (stating that the FCRA "authorizes an award of reasonable attorney's fees 'consistent with federal law involving a Title VII action'" and that "[a]ttorneys' fees alone could approach the jurisdictional threshold in a Title VII case").

24. Further, the Court can take judicial notice of the fees sought in similar employment cases in the Southern District. *See e.g. Alshakanbeh v. Food Lion,* No. 3:06-cv-1094, 2007 WL 917354, at *2 (M.D. Fla. March 23, 2007) (finding estimate of $40,000 for attorney's fees in employment discrimination case was "conservative").

25. Accordingly, it is reasonable to assume that if Plaintiff were to be awarded attorney's fees in this matter the minimum amount of any such award would be at least $40,000.

26. Based on the above, though Plaintiff's claims are vigorously contested, the cumulative amount of the relief sought by Plaintiff (not even including compensatory damages)

6

is at least $166,156.88 (lost wages and benefits of at least $26,156.88, punitive damages of $100,000, and attorneys' fees of $40,000). Thus the relief sought by Plaintiff exceeds the $75,000 amount in controversy requirement.

### III.   Procedural Matters

27.  Removal is proper because Family Dollar has satisfied all other requirements for removal

28.  Removal is timely. In accordance with 28 U.S.C. § 1446(b), this notice of removal is timely filed within 30 days of service of Plaintiffs' Complaint on April 11, 2019. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day removal period begins to run upon service of summons and complaint).

29.  Venue is proper because the circuit court of the Eleventh Judicial District in and for Miami-Dade County, where the state court action has been pending, is a state court located within the Southern District of Florida. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 89(c).

30.  Further, Family Dollar (the only Defendant) consents to removal. *See* 28 U.S.C. § 1446(b)(2).

31.  By filing this Notice of Removal, the Defendant expressly reserves, and does not waive, its right to compel arbitration and move for a stay pursuant to the employment agreement. The Defendant also reserves, and does not waive, any and all defenses that may be available, including those related to personal jurisdiction and service of process.

32.  If any question arises as to propriety of removal to this Court, Defendant requests the opportunity to present evidence and argument in support of its position that this case has been properly removed. The Defendant also reserves the right to amend or supplement this Notice of Removal.

33. In accordance with 28 U.S.C. § 1446(d), a Notice of Filing a Notice of Removal and a copy of this Notice of Removal will be promptly filed with the Circuit Court and served. The Notice of Filing Notice of Removal will then promptly be filed with this Court.

Based upon the foregoing, Defendants are entitled to remove this action to this Court under 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

WHEREFORE, Defendant serves Notice that this action has been removed to the United States District Court for the Southern District of Florida, Miami-Dade Division.

Respectfully submitted this 1st day of May, 2019 by:

*Counsel for Family Dollar Stores of Florida, LLC*

CLARKE SILVERGLATE, P.A.
799 Brickell Plaza, Suite 900
Miami, Florida 33131
Telephone: (305) 377-0700
Facsimile: (305) 377-3001

By: /s/ Spencer H. Silverglate
   Spencer H. Silverglate
   Florida Bar No. 769223
   ssilverglate@cspalaw.com
   mpedraza@cspalaw.com
   Barbara Lewis
   Florida Bar No. 118114
   blewis@cspalaw.com
   smunguia@cspalaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 1, 2019, a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel of record.

CLARKE SILVERGLATE, P.A.

By: /s/ Spencer H. Silverglate
   Spencer H. Silverglate